NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID SANCHEZ,

                    Plaintiff,

          v.

MICHAEL DANTICO, *et al.*,

                    Defendants.

Civil Action No. 26-5845 (ZNQ) (TJB)

OPINION

QURAISHI, District Judge

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1) in this prisoner civil rights matter. Having reviewed Plaintiff's application, this Court finds that leave to proceed without the prepayment of fees is authorized in this matter and Plaintiff's application shall therefore be granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

I.        BACKGROUND

Plaintiff is a state pre-trial detainee currently detained in the Hudson County Correctional Center. (ECF No. 1 at 3.) Following his arrest on April 15, 2026, Plaintiff was placed in the jail,

but was not provided his "mental health" medications or cancer medications for the first five days of his time in the jail. (*Id.* at 7.) Plaintiff does not specify what these medications are. (*Id.*) Distraught at the lack of medications, Plaintiff wrote letters to Defendants Dantico and Casas, the Regional Director and Health Services Administrator of C.F.G. Health, the corporate contractor that provides the jail's medical services. (*Id.*) That same day, April 20, 2026, Plaintiff "became so medically and mentally upset" that he pulled two five and a half inch screws out of the wall of his cell and swallowed them. (*Id.*) Plaintiff reported this action to his unit officer, who called mental health and medical staff. (*Id.*) Plaintiff was taken to the receiving area of the jail and x-rayed. (*Id.*) The x-ray's confirmed that Plaintiff had swallowed two screws. (*Id.*) The jail's medical staff, who are unspecified employees of C.F.G., placed Plaintiff in the medical unit for observation in the hopes that Plaintiff would pass the screws naturally. (*Id.* at 7-8.) An X-ray two days later indicated that this was not happening, so Plaintiff was sent to the hospital for treatment. (*Id.* at 8.) Plaintiff argues in his complaint that the medical staff should have known he was unable to pass the screws as the surgical department of Hackensack Hospital had told jail staff two years prior[1] that Plaintiff had a compromised digestive tract. (*Id.*)

Plaintiff now seeks to sue Dantico, Casas, and C.F.G. based on his having spent two days in great pain following his swallowing of the screws while staff waited to see if he could pass the screws. (*Id.* at 9.) Plaintiff seeks to hold Dantico and Casas responsible for this treatment because he views them as the "boss" of the jail's medical department who should be held accountable for the deeds of their underlings. (*Id.* at 4.)

---

[1] It's not clear what Plaintiff's status was during this period of time, but based on Plaintiff's assertion that the hospital reported this issue to the jail's medical staff and Plaintiff's current incarceration only started on April 15, 2026, the Court presumes that this occurred during a prior period of incarceration.

## II.    <u>LEGAL STANDARD</u>

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts

"merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   **<u>DISCUSSION</u>**

In his complaint, Plaintiff seeks to raise federal civil rights claims against the medical contractor who operates the medical department of the Hudson County Correctional Center, C.F.G. Health Systems, and two high ranking officers of that corporation based on the actions of unnamed medical staff at the jail. A defendant in a civil rights proceeding, however, must be personally involved in the alleged wrong. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Because supervisory officials and corporate contractors for detention facilities may not be held vicariously liable solely for the actions of their subordinates, supervisors and corporate contractors may only be held liable if they were directly involved in wrongful deeds, had actual knowledge of and acquiesced in the deeds of their subordinates, or they created a policy or custom which was the moving force behind the alleged wrong. *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

Plaintiff's complaint alleges no facts indicating that C.F.G., Dantico, or Casas were actually directly involved or knew of and acquiesced[2] in the alleged mistreatment of the screw

---

[2] That Plaintiff sent a letter regarding the prior issue with Plaintiff's medication does not, itself, indicate that either Defendant knew of or acquiesced in the alleged mistreatment of Plaintiff. Plaintiff states that he drafted the letter and mailed it on April 20, 2026, the same day he swallowed the screws. It is unclear yet doubtful that the letter had even been sent into the mail or received by

swallowing issue between April 20 and 22, 2016.  Plaintiff likewise fails to identify any policy or practice put into place by C.F.G or either of the two individual supervisory defendants which was the moving force behind this alleged mistreatment.  Plaintiff has therefore failed to allege sufficient facts against any of the named Defendants sufficient to establish their personal involvement in the alleged wrongs and instead seeks to hold them accountable under an improper vicarious theory of liability.  Plaintiff's complaint thus fails to state a plausible claim for relief against the named Defendants, and must be dismissed without prejudice for failure to state a claim for which relief may be granted.

## IV.   <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim for which relief may be granted.  Plaintiff shall be granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

Date: May 26, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

Defendants by the time Plaintiff was sent to the hospital a few days later.  And Plaintiff provides no facts indicating that the letter was received or read by either Defendant prior to his being taken to the hospital.  In any event, that Plaintiff sent a letter regarding his issues to Defendants is generally insufficient to serve as a basis for holding a defendant personally responsible for alleged mistreatment by his employees or subordinates.  *See, e.g., Sims v. Wexford Health Sources*, 635 F. App'x 16, 19-20 (3d Cir. 2015) (that a supervisor received or even responded to a letter is insufficient to establish personal involvement in an underlying alleged wrong).